IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESLEY M. POLLARD, SR.,<br>　　　Plaintiff | : | |
| | : | |
| 　　v. | : | CIVIL NO. 1:11-CV-2195 |
| | : | |
| LUZERNE COUNTY ADULT<br>PROBATION / PAROLE<br>DEPARTMENT, *et al.*,<br>　　　Defendants | :<br>:<br>:<br>: | (Judge Caldwell) |

*M E M O R A N D U M*

I. *Introduction*

　　　Proceeding in forma pauperis and pro se, plaintiff, Wesley M. Pollard, Sr., filed this 42 U.S.C. § 1983 action to contest his detention in the Luzerne County Correctional Facility, Wilks-Barre, Pennsylvania.  He seeks release from confinement and damages.

　　　The detention arises in part from a July 2011 probation revocation.  Plaintiff claims the detention is invalid because it comes after the expiration of a seven-year special probation term imposed in September 2003.  Plaintiff names as defendants the Luzerne County Adult Probation and Parole Department; Mark Kijek, his probation officer; Carmen Lopresto, a department supervisor; and Jeff Majikes, Plaintiff's first probation officer.

　　　We are considering Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  In considering a motion to dismiss under Rule 12(b)(6), "[w]e

'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted). The court is not limited to evaluating the complaint alone. We may also rely on public records, such as court filings. *See Churchill v. Star Enterprises*, 183 F.3d 184, 190 n.5 (3d Cir. 1999).

II. *Background*

We base this background on Plaintiff's complaint and the Luzerne County docket entries Defendants submitted as part of their motion to dismiss.

Plaintiff was charged in two cases in Luzerne County, No. CP-40-MD-2330-1990 and No. CP-40-CR-2331-1990. In December 1990, he pled guilty to one count of involuntary deviate sexual intercourse and two counts of indecent assault. On April 17, 1991, in No. 2330, he was sentenced to a minimum term of seventy-eight months (six years and six months) to a maximum term of 156 months (thirteen years). On the same day, in No. 2331, he was sentenced to a ten-year term of special probation to run consecutively to the term of imprisonment imposed in No. 2330.

Thereafter, Plaintiff was released from confinement and had a series of probation-revocation hearings in Luzerne County court, beginning on September 26, 2003. On that date, the court revoked his probation because he had violated a term of his special probation by failing to report his address. He was resentenced to a minimum term of one month and a maximum term of twenty-three and one-half months to be

followed by seven years of special probation. (Doc. 1, Compl. ECF p. 3; doc. 18-3, ECF p. 2). On October 29, 2008, his probation was revoked and he was resentenced to a minimum term of three months and a maximum term of twenty-three months to be followed by twenty-four months of special probation. (Doc. 18-4, ECF p. 2). On April 4, 2011, his probation was revoked and he was resentenced to time served up to twenty-three months but was immediately paroled. (Doc. 18-5, ECF p. 2). On July 6, 2011, his probation was revoked and he was remanded to jail pending his finding an approved residence. (Doc. 18-6, ECF p. 2).

Plaintiff alleges that, as a result of the parole-revocation charges against him in 2011, he has been confined to the County correctional facility from March 18, 2011, through April 4, 2011, and from May 23, 2011, through September 18, 2011, and continuing to the present. (Doc. 1, Compl. ECF p. 3). He filed this action on November 25, 2011, to challenge the detention.

III. *Discussion*

As noted, this is a section 1983 action seeking damages as well as injunctive relief that would release Plaintiff from prison. He asserts his custody is illegal because the seven-year term of special probation imposed on September 26, 2003, expired on September 26, 2010, making improper the confinements occurring during 2011, and continuing thereafter. Defendants have moved to dismiss the complaint by arguing that the Eleventh Amendment bars the suit against them and that Plaintiff has no

claim under the various constitutional provisions that might apply. We agree with Defendants that their motion must be granted, but for a different reason.

In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court ruled that a section 1983 claim for damages arising from a criminal conviction does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87, 114 S.Ct. at 2372 (footnote omitted). *Heck* has been extended to civil-rights cases challenging detention in other contexts. In *Williams v. Consovoy,* 453 F.3d 173, 177 (3d Cir. 2006), the Third Circuit relied on *Heck* to dismiss a section 1983 challenge to a parole-revocation decision. In *Nelson v. Dauphin Cnty. Prison*, No. 09-2205, 2009 WL 4269087 (M.D. Pa. Nov. 24, 2009), the undersigned relied on *Heck* to dismiss a civil-rights complaint challenging a parole revocation when the revocation had not been previously overturned or otherwise determined to be invalid. 2009 WL 4269087, at *2.

*Heck* has also been extended to claims for relief other than damages. It bars injunctive relief, *Hess v. Chronister*, 247 F. App'x 377, 380 (3d Cir. 2007) (nonprecedential), as well as declaratory relief. *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997).

It follows that under *Heck* Plaintiff's section 1983 challenge to his probation revocation seeking damages and injunctive relief also fails. We will therefore dismiss the complaint. We will not permit amendment because it would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

We note that Plaintiff filed a letter on August 10, 2012, continuing to complain about his detention although his circumstances have apparently changed since the filing of his complaint. He now asserts that his probation-violation sentence expired at the latest on July 21, 2012, but that he is still being held in the County correctional facility because the probation violation is acting as a detainer preventing him from being released on bond. (Doc. 20, ECF p. 1).

The only federal avenue of relief if Plaintiff wishes to challenge his current detention would be to file a habeas corpus petition under 28 U.S.C. § 2254. We express no opinion on the success of any such petition as a 2254 petitioner typically must resort to any available state remedy before filing a 2254 petition. See 28 U.S.C. § 2254(b)(1).

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 18, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY M. POLLARD, SR., <br>     Plaintiff | : <br> : <br> : |
| v. | :   CIVIL NO. 1:11-CV-2195 <br> : |
| LUZERNE COUNTY ADULT <br> PROBATION / PAROLE <br> DEPARTMENT, *et al.*, <br>     Defendants | :   (Judge Caldwell) <br> : <br> : <br> : |

*O R D E R*

AND NOW, this 18th day of September, 2012, it is ORDERED that:

  1. Defendants' motion (Doc. 17) to dismiss the complaint is GRANTED.

  2. This action is hereby dismissed.

  3. The Clerk of Court shall close this file.

                                          /s/ William W. Caldwell
                                         William W. Caldwell
                                         United States District Judge